## No. 3226.—George W. Buckner v. Charles Ruston.

Under the election law of 1870 the whole parish is constituted an election precinct. Therefore votes for ward officers of the parish, such as justices of the peace and constables, may be cast at voting precincts outside of the ward for which the officer is to be elected. A contest for the office of justice of the peace of a particular ward of a parish, predicated on the fact that a majority of votes cast in that ward were in his favor, can not, therefore, be maintained, if his opponent has received a majority of all the votes cast for that office at all the voting precincts of the parish.

APPEAL from the Fifth Judicial District, parish of East Baton Rouge. *Posey*, J. *Andrew S. Herron*, for plaintiff and appellee. *R. W. Knickerbocker*, for defendant and appellant.

This case was tried by a jury in the court below

Ludeling, C. J. The plaintiff contests the election of the defendant to the office of justice of the peace for Ward No. 2, in the parish of East Baton Rouge.

There was a verdict of a jury in favor of the plaintiff, and the defendant has appealed. The evidence shows that the plaintiff

received a majority of the votes cast in the box or voting precinct held in the Second Ward, but that the defendant received a large majority of the votes cast for the office of justice of the peace for Ward No. 2 at the various polls in the parish. It appears from the evidence that an agreement was entered into between the mayor of the city and the supervisor of registration that the colored voters should vote at the courthouse and Murphy's school and the white voters should vote at the polls in Ward No. 2, and that said agreement was observed by the voters. It further appears that there were six polls opened in all the parish and that there are twelve wards in the parish.

The only objection urged to the election of defendant is that a majority of those who voted for him did not cast their votes at the poll in Ward No. 2. After the agreement already referred to, it would be unfair to claim the office on this ground; but the act of 1870 seems to have conferred the power on the supervisor of registration to declare where polls should be opened, without reference to the territorial limits of wards, and it declares the whole parish was one election precinct. Acts of 1870, No. 100, p. 145. It would seem, therefore, that votes for ward officers, such as justices of the peace and constables, may lawfully be cast at polls outside of the ward for which the officers are to be elected.

The consequences resulting from this law may be deplorable, but we are not at liberty to disregard the plain provisions of the law.

It is therefore ordered and adjudged that the verdict of the jury be set aside; that the judgment of the district court be reversed; and that there be judgment in favor of the defendant, rejecting plaintiff's demand, with costs in both courts.